**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YONASON LEBOVITS, <br><br>                  Plaintiff, <br><br>      -against- <br><br> FIRST CREDIT SERVICES, INC., <br><br>               Defendant. | **CIVIL ACTION** <br><br> **COMPLAINT AND** <br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff Yonason Lebovits ("Plaintiff") brings this action on an individual basis against Defendant First Credit Services, Inc. ("Defendant" or "FCS") and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

### PRELIMINARY STATEMENT

1.      In 1977 Congress enacted Title 15 of the United States Code § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After

determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id*.; § 1692k.

3.     Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

4.     In determining whether a communication made in connection with collection of a debt violates the FDCPA, courts in the Second Circuit apply the "least sophisticated consumer standard." *Jacobson*, 516 F.3d at 91. In applying this standard, it is not relevant whether the particular debtor was confused by the communication that was received. *See Jacobson*, 516 F.3d at 91.

5.     Under the least sophisticated consumer standard, a communication violates the FDCPA where it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

6.     In recovering damages under the FDCPA, a consumer need not show that the conduct or communication made by the debt collector was intentional. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 1993). Rather, the FDCPA is a strict liability statute, and a single violation is sufficient to establish civil liability against the debt collector. *See Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993).

## JURISDICTION AND VENUE

7.    The Court has jurisdiction over this action under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d).

8.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where Plaintiff resides and where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

9.    Plaintiff is a natural person and a resident of Far Rockaway, New York.

10.    Plaintiff is a "Consumer" as defined by 15 U.S.C. §1692a(3).

11.    Upon information and belief, Defendant's principal place of business is located in Piscataway, New Jersey.

12.    Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

13.    Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

14.    Some time prior to April 3, 2020, an alleged debt was incurred to Retro Fitness Manhattan ("Retro Fitness").

15.    The alleged debt of $142.45 purportedly owed to Retro Fitness arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16.    The alleged Retro Fitness obligation is a "debt" as defined by 15 U.S.C.§1692a(5).

17.    Retro Fitness is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18.     Upon information and belief, at some time prior to April 3, 2020, the alleged debt was purchased by, or otherwise assigned to Defendant.

19.     In an effort to collect on this alleged debt, Defendant sent Plaintiff a collection letter on April 3, 2020.

20.     Thereafter, on or around October 26, 2020, Plaintiff attempted to dispute the alleged by phone.

21.     During the call, Defendant's representative sought to verify Plaintiff's account and stated that the communication was from a debt collector and any information obtained during the call would be used for that purpose.

22.     Plaintiff thereafter stated that he disputes the debt.

23.     In response, Defendant's representative requested that Plaintiff provide a reason for his dispute. Plaintiff inquired whether he was required to provide a reason in order to make his dispute but Defendant's representative did not answer the question.

24.     Instead, Defendant's representative stated that Plaintiff must dispute the debt in writing, and that Plaintiff must "send us a dispute letter."

25.     Plaintiff then inquired whether he was required to mail a letter in order to dispute his alleged debt, prompting Defendant's representative to repeat that Plaintiff must dispute the debt in writing.

26.     The FDCPA permits a consumer to orally dispute a debt.[1]

---

[1] It is well settled that § 1692g(a)(3) does not impose a writing requirement on a consumer. *See e.g.*, *Ong v. Am. Collections Enter.*, No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999*); Castro v. ARS Nat'l Servs., Inc.*, No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *see also Rosado v. Taylor.*, 324 F. Supp. 2d 917 (N.D. Ind. 2004) (the collection attorney violated § 1692g(a)(3) by requiring that disputes be in writing to prevent the collector from considering the debt valid. The court noted that oral disputes overcome the assumption of validity and impose a requirement under § 1692e(8) that the debt collector report the dispute if reporting the debt to third parties.)

27.     A consumer may orally dispute a debt without providing a basis for the dispute.[2] A debtor's oral dispute of a debt precludes a debt collector from communicating credit information to others (*i.e.*, credit reporting agencies) without noting the fact that the debt is in dispute. *See* 15 U.S.C. § 1692e(8).

28.     Plaintiff was misled into believing that he was not entitled to orally dispute his debt.

29.     Plaintiff was misled into believing that he must dispute his debt in writing.

30.     The false representations made by Defendant would discourage the least sophisticated consumer from further disputing his debt.

31.     Plaintiff was discouraged from further disputing his debt orally or in writing.

32.     The false representations made by Defendant were material and created a substantial risk that Plaintiff would waive important protections afforded to him under the FDCPA, in particular the right to dispute his debt.

33.     As a result of Defendant's representations Plaintiff did not engage in further attempts to dispute his debt and instead consulted with an attorney for advice on disputing his debt.

34.     As a result of these deceptive, misleading and unfair debt collection practices, Plaintiff has been harmed.

---

[2] *Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a valid reason to dispute the debt is inconsistent with FDCPA).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

35.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

36.     Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

37.     Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38.     Defendant violated said section by not accepting Plaintiff's oral dispute and making a false and misleading representation that Plaintiff must submit a dispute in writing, in violation of § 1692e(10).

39.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)     Awarding Plaintiff statutory damages;

(b)     Awarding Plaintiff actual damages;

(c)     Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(d)     Awarding pre-judgment interest and post-judgment interest; and

(e)     Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  November 9, 2020                    **COHEN & MIZRAHI LLP**


_____
/s/ Joseph H. Mizrahi
JOSEPH H. MIZRAHI

JOSEPH H. MIZRAHI
JONATHAN B. WEISS
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone:  929/575-4175
929/575-4195 (fax)
joseph@cml.legal
jonathan@cml.legal

*Attorneys for Plaintiff*

7